**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1877

SARA ZITO, on behalf of herself and all others similarly situated; ALVARO SARMIENTO, JR., on behalf of himself and all others similarly situated; MARK SHINN, on behalf of himself and all others similarly situated; DANIEL BERMUDEZ, on behalf of himself and all others similarly situated,

        Plaintiffs - Appellants

v.

STRATA EQUITY GROUP, INC., now known as Strata Equity Global, Inc.; STRATA AUDUBON, LLC; STRATA VERIDIAN, LLC; PINNACLE PROPERTY MANAGEMENT SERVICES L.L.C.; CONSERVICE, LLC,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Bruce H. Hendricks, District Judge. (2:20-cv-03808-BHH)

Argued: October 25, 2023          Decided: December 18, 2023

Before WILKINSON, NIEMEYER, and BENJAMIN, Circuit Judges.

Remanded by unpublished per curiam opinion.

**ARGUED:** Frederick Elliotte Quinn, IV, STEINBERG LAW FIRM, LLP, Summerville, South Carolina for Appellants. Jonathan Reid Reich, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellees. **ON BRIEF:** Steven E. Goldberg, STEINBERG LAW FIRM, LLP, Summerville, South Carolina, for Appellants.

Reid C. Adams, Jr., WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina; Kevin K. Bell, ROBINSON GRAY STEPP & LAFFITTE, LLC, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants, a group of tenants at two South Carolina apartment residences, appealed the dismissal of their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint alleged that Defendants-Appellees—a group of entities that owned, operated, or managed the apartment residences and another entity that billed tenants for water and sewerage—were liable for unjust water and sewerage rates charged to the tenants. The district court dismissed the complaint for failure to exhaust administrative remedies under South Carolina's Public Utility Law (Utility Law). After dismissal, the tenants filed an action with the South Carolina Public Utilities Commission (The Commission). The Commission issued its binding order on the matter during the pendency of this appeal. As a result, we decline to address the merits of the appeal and remand to the district court for consideration in the first instance.

I.

Appellants Sara Zito, Alvaro Sarmiento, Jr., Mark Shinn, and Daniel Bermudez each signed a leasing agreement with either Defendant-Appellee Strata Veridian (Veridian) or Defendant-Appellee Strata Audubon (Audubon). Both agreements state that payment for water and sewer services are billed "by the service provider to [the landlord] and then allocated to [the tenant]" based on a specified formula. J.A. 100, J.A. 60. For Veridian, the allocation formula is "based on a combination of square footage of [the tenant's] dwelling unit and the number of persons residing in [the tenant's] dwelling unit." J.A. 101. For Audubon, water and sewer bills are allocated "based on the number of persons residing

3

in [the tenant's] dwelling unit." J.A. 61.  The Appellants sued Audubon and Veridian, their parent company (Strata Equity, LLC), the managing entity of both properties (Pinnacle Property Management, LLC), and the entity responsible for billing the water and sewer to the tenants (Conservice, LLC) (collectively, "the Appellees"), for what the Appellants allege are unfair allocation and billing methods.

i.

The complaint brought eight causes of action and alleged that the Appellees were "public utilities" under the South Carolina Public Utility Law.  *See* S.C. Code. Ann. § 58-5-10(4) (defining "public utility" as "every corporation and person furnishing or supplying in any manner … water, sewerage collection, [or] sewerage disposal … to the public, or any portion thereof, for compensation…").  The Utility Law vests the South Carolina Public Services Commission "with power and jurisdiction to supervise and regulate the rates and services of every public utility …" *Id.* at § 58-5-210.  Public utilities must submit new or changed proposed billing rates to the Commission prior to charging the user.  *Id.* at § 58-5-240.  The Commission then rules as to the "lawfulness or reasonableness" of the billing rates.  *Id.*  Additionally, any individual may file a consumer complaint with the Commission regarding a public utility's regulated actions.  *Id.* at §§ 58-5-270–58-5-340.  The Commission has the jurisdiction to decide whether any rate charged is "unjust" or "unreasonable." *Id.* at § 58-5-290.

ii.

The Appellees filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  They argued that all causes of actions depended on the Utility Law as a basis for

4

liability, and therefore the complaint was both procedurally and substantively improper: it was procedurally improper because the tenants failed to exhaust administrative remedies through the Commission, and substantively improper because the Appellees do not fall under the statutory definition of a public utility. Among the tenants' arguments in opposition was that the complaint argued alternative grounds of liability for at least some causes of action, and therefore total dismissal based on administrative remedies is improper. JA 360–61. In September 2021, the district court agreed with the Appellees and dismissed the complaint for failure to exhaust administrative remedies. The tenants filed a consumer complaint with the Commission in February 2022 and subsequently filed an appeal to this court in August 2022. We have jurisdiction under 28 U.S.C. § 1291.

iii.

The tenants alleged substantially the same causes of action in their administrative complaint as the ones before the district court, but the commission action was brought only as to Appellees Audubon and Veridian. *See* Order No. 2023-736, S.C. Pub. Serv. Comm'n. (Oct. 2, 2023). The Commission determined that "the Defendants are not operating a public utility as defined in S.C. Code Ann. [§] 58-5-10(4), which would be subject to the jurisdictional authority of the Commission. Therefore, the complaint must be dismissed for lack of subject matter jurisdiction and removed to a court of competent jurisdiction." *Id.* at pp. 19–20.

II.

The Commission issued its order during the pendency of this appeal. At oral argument, the Appellants argued that although the Appellees are not public utilities, the district court nevertheless erred because the complaint alleges alternative grounds of liability independent of the Utility Law—and those claims should survive dismissal. But since the district court based its dismissal on the failure to exhaust administrative remedies, we decline to entertain the merits of the argument and instead remand to the district court for consideration of the tenants' alternative arguments in light of the Commission's Order.\*

III.

The district court did not have the benefit of the Commission's order at dismissal; therefore, we REMAND for consideration of the order in the first instance.

*REMANDED*

---

\* We note here that Appellants' counsel maintains that there is no final decision as to whether the Appellees are a regulated utility. *See* oral argument at 9:28–39. At the time of oral argument, a motion for reconsideration was filed and pending before the Commission, and counsel stated his clients' intention to appeal the decision of the motion should it be denied. Oral Argument at 9:50; 10:11–36.

6